## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CR-13-336-D |
| ) | |
| DUANE TROXELL, ) | |
| ) | |
| Defendant. ) | |

## **O R D E R**

This matter comes before the Court on Defendant's Motion for early termination of his period of supervised release [Doc. No. 3]. The United States has responded to the Motion, providing information from Defendant's probation officer and his sex offender treatment provider. The United States opposes early termination of supervision and contends it is not in the best interests of Defendant or society.

On March 31, 2008, the United States District Court for the Northern District of Oklahoma sentenced Defendant to sixty-eight (68) months imprisonment and a term of ten (10) years supervised release following his conviction on the charge of Possession of Child Pornography. On July 25, 2012, Defendant was released from the custody of the Bureau of Prisons to begin his term of supervised release in the Western District of Oklahoma. On December 20, 2013, jurisdiction was transferred to this judicial district. *See* Order Transferring Jurisdiction [Doc. No. 1].

A district court has discretionary authority to terminate a term of supervised release and discharge the defendant at any time after expiration of one year of supervision if, after

considering certain factors under 18 U.S.C. § 3553(a), the court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1); *Rhodes v. Judiscak*, 676 F.3d 931, 933 (10th Cir. 2012). The aforementioned factors require assessment of the severity of the crime, the need for the sentence to afford adequate deterrence, protect the public from other crimes by the defendant, and provide him with needed training or other correctional treatment. 18 U.S.C. §§ 3553(a)(1)-(a)(2)(B)-(D). The Court is to also consider the kinds of sentences available, the applicable advisory Guideline range, and pertinent policy statements. *See id*. §§ 3553(a)(4)-(5). The Court is also to consider the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, as well as the need to provide restitution to any victims. *Id*. §§ 3553(a)(6)-(7).

Defendant's motion notes his past health problems and continued efforts to receive counseling. Defendant expresses contrition for his crime and has returned to one-on-one therapy. In its response, the United States cites the nature and seriousness of Defendant's offense. The United States also states Defendant is barely into his term of supervision and contends an early release, at this juncture, would be inconsistent with the sentencing court's intent and interests of justice. Lastly, the United States advises the Court that Defendant's sex offender therapists oppose early termination, citing that Defendant has yet to complete his treatment program and has only begun to grasp treatment concepts and reveal important, personal information about his sexual proclivities.

Having fully reviewed the record, including Defendant's Motion, the information

provided by the United States in response, and the applicable factors in 18 U.S.C. § 3553(a), the Court finds early termination of Defendant's term of supervised release is not warranted. The Court commends Defendant for the progress he has made during his period of supervision, however, and encourages him to continue his successful compliance with the terms of his supervised release.

IT IS THEREFORE ORDERED that Defendant's Motion requesting early termination of his period of supervised release [Doc. No. 3] is **DENIED**.

IT IS SO ORDERED this 12th of August, 2015.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE